319 So.2d 141 (1975)
INSURANCE COMPANY OF NORTH AMERICA, a Foreign Corporation, et al., Defendants-Appellants,
v.
James H. TWITTY, Plaintiff-Appellee.
No. 74-1210.
District Court of Appeal of Florida, Fourth District.
July 18, 1975.
Rehearing Denied October 24, 1975.
Edna L. Caruso of Howell, Kirby, Montgomery, D'Aiuto and Dean, West Palm Beach, for defendants-appellants.
Richard W. Bates, Orlando, and Stenstrom, Davis & McIntosh, Sanford, for plaintiff-appellee.
MARKO, PAUL, Associate Judge.
This is an appeal from an order entered after a jury verdict against the defendant for damages in a personal injury action.
The defendant made an offer of judgment pursuant to F.R.C.P. 1.442 for "the total amount of $4,000. including plaintiff's taxable costs accrued to the date hereof, as well as any outstanding liens." The phrase "any outstanding liens" referred to the personal injury protection benefits carrier's claim against the plaintiff.
The offer of judgment was not accepted and the jury returned a verdict of $2,500. in favor of the plaintiff. The plaintiff, *142 thereafter, filed his motion to tax costs as follows:

 1. Clerk of Circuit Court, fee for
 filing Complaint $ 20.00
 2. State Insurance Commissioner, fee
 for service of process on Insurance
 Company of North America 5.00
 3. Secretary of State, fee for attempted
 nonresident service of
 process on defendants, Mayfield
 and Worthen 10.00
 4. Postage for registered, return receipt
 requested, deliver to addressee
 only, mailing of copies of
 Summons, Complaint and Notice
 of Suit and Service of Process
 to defendants, Mayfield and
 Worthen 3.20
 5. Mary Moore M. Ritchie, per diem,
 original and copy of deposition
 of James Moore, M.D. 86.35
 6. Rebecca D. Dickerson, per diem,
 original and copy of deposition of
 George Debnam, M.D. 82.60
 7. James Moore, M.D., expert witness
 fee for deposition 60.00
 8. George Starke, M.D., witness
 fee and mileage for trial 12.52
 9. Mary Moore M. Ritchie, per diem,
 originals and copies of depositions
 of Dr. Moore and Dr. Debnam 130.75
 __________
 $ 410.42

The first four items of these costs, which amount to $38.20, were incurred by the plaintiff prior to the offer for judgment.
The plaintiff argues that the prevailing party is entitled to costs and cites F.S. 57.041:
"57.041 Costs: recovery from losing party
"(1). The party recovering judgment shall recover all his legal costs and charges which shall be included in the judgment; but this section does not apply to executors or administrators in actions when they are not liable for costs.
Costs may be collected by execution on the judgment or order assessing costs."
The defendant then filed its motion to tax costs against the plaintiff as follows:

 "1) Cost of copy of deposition of
 Dr. Moore $ 15.09
 2) Cost of copy of deposition of
 Dr. Debnam 16.80
 3) Attorneys' fee for covering depositions
 in North Carolina 287.50
 4) Court Reporter's expense for attendance
 at trial 135.00
 Balance forwarded $ 454.39
 5) Costs of copies of depositions
 of Dr. Moore and Dr. Debnam
 (second time) 21.60
 6) Attorney's fee subsequent to
 Offer of Judgment 1,300.00
 ___________
 Total $ 1,775.99"

The defendant argues that these costs were incurred by them after its offer of judgment for $4,000. which was refused and prior to jury verdict of $2,500. in favor of the plaintiff. Defendant relies on F.R.C.P. 1.442.
"Rule 1.442. Offer of Judgment
At any time more than ten days before the trial begins a party defending against a claim may serve an offer on the adverse party to allow judgment to be taken against him for the money or property or to the effect specified in his offer with costs then accrued. If the adverse party serves written notice that offer is accepted within ten days after service of it, either party may then file the offer and notice of acceptance with proof of service and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence of it is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the adverse party is not more favorable than the offer, he must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer. When the liability of one party to another has been determined by verdict or order or judgment but the amount or extent of the liability remains to be determined by further proceedings, the party adjudged liable may make an offer of judgment that shall have the same effect as an offer made before trial if it is served within *143 a reasonable time, not less than ten days, before beginning of the hearing or trial to determine the amount or extent of liability.
Added effective Jan. 1, 1973 (265 So.2d 21.)" (Emphasis supplied)
The trial court granted the plaintiff's motion to tax cost against the defendant in the full amount of $410.42. The defendants' motion to tax costs against the plaintiff was denied.
The plaintiff contends that he was not bound by Rule 1.442 because the offer of judgment was conditional; this argument is not well founded. The offer was for $4,000., the total amount and nothing more. The mere fact that the plaintiff could not compute its liability with the personal injury protection benefit carrier was of no concern to the defendants; the defendants' offer was not conditional.
Therefore, the plaintiff is not entitled to costs incurred after refusing the offer when the judgment finally obtained by the plaintiff is not more favorable than the offer. (F.C.R.P. 1.442) The plaintiff is therefore entitled to only $38.20 in taxable costs.
The trial judge denied the defendants' motion for costs. The taxation of costs in a civil action is a matter which lies within the broad discretion of the trial court.
We agree with the trial judge's denial of $1,300. in attorney fees as these are not taxable costs under F.C.R.P. 1.442.
However, the Court, in its discretion, could allow the cost of depositions if they served a useful purpose. Cohn v. Florida National Bank at Orlando, Fla. App., 1969, 223 So.2d 767. In addition, the trial judge could allow item number 3 in the amount of $287.50 for attorney fee for covering deposition in North Carolina, Bill Kelley Chevrolet, Inc. v. Kerr (Fla. App. 1972), 258 So.2d 280, and item number 4 in the amount of $135.00 for cost of court reporter's expenses for attendance at trial, F.S. 57.071. In the event the trial judge, in his discretion, should grant these taxable items, his final order shall off-set the above costs taxable against the plaintiff, 49 C.J.S. Judgments § 566a and b and 49 C.J.S. Judgments § 568d.
Therefore, we affirm in part and reverse in part and remand to the trial court for further proceedings not inconsistent with this opinion.
CROSS and MAGER, JJ., concur.