343 So.2d 601 (1977)
Raymond MOORE, Petitioner,
v.
STATE of Florida, Respondent.
No. 48831.
Supreme Court of Florida.
February 25, 1977.
Louis G. Carres, Asst. Public Defender, for petitioner.
Robert L. Shevin, Atty. Gen., and Donald K. Rudser, Asst. Atty. Gen., for respondent.
SUNDBERG, Justice.
We issued our order allowing certiorari because of the conflict between the decision in this case of the First District Court of Appeal, reported at 324 So.2d 690, and Wright v. State, 291 So.2d 118 (Fla. 2d DCA 1974). We have dispensed with oral argument and consider the case as presented in the briefs submitted by the parties.
Petitioner and another were convicted in the Circuit Court in and for Santa Rosa County on possession of burglarious tools on September 16 and 17, 1974, and of breaking and entering into a coin-operated vending machine on September 17, 1974. Petitioner was sentenced as a recidivist under Section 775.084, Florida Statutes (1973), to a prison term of ten years, the last five of which were to be suspended and replaced by five years probation. He contends that the trial court erred in failing to follow the procedure outlined in Section 775.11, Florida *602 Statutes (1973), which was in effect at the time of trial and thereafter until the effective date of its repeal, October 1, 1975. (See Ch. 74-383, as amended by Ch. 75-24, Laws of Florida.) Section 775.11 reads as follows:

"Procedure in prosecutions for second and subsequent offenses. 
"(1) If at any time after sentence or conviction it shall appear that a person convicted of a felony has previously been convicted of crimes as set forth either in § 775.09 or § 775.10 the state attorney for the county in which such conviction was had shall file an information accusing said person of such previous convictions, whereupon the court in which such conviction was had shall cause said person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegations contained in such information and of his right to be tried as to the truth thereof, according to law, and shall require such offender to say whether he is the same person as charged in such information or not.
"(2) If he says he is not the same person or refuses to answer or remains silent, his plea, or the fact of his silence, shall be entered of record and a jury shall be empaneled to inquire whether the offender is the same person mentioned in the several records as set forth in such information. If the jury finds that he is the same person or if he acknowledges or confesses in open court after being duly cautioned as to his rights that he is the same person the court shall sentence him to the punishment prescribed in § 775.09 or § 775.10 as the case may be, and shall vacate the previous sentence, deducting from the new sentence all time actually served on the sentence so vacated.
"(3) Whenever it shall become known to any warden or prison, probation, parole or police officer or other peace officer, that any person charged with or convicted of a felony has been previously convicted within the meaning of § 775.09 or § 775.10 he shall forthwith report the facts to the state attorney for the county."
The District Court of Appeal, speaking through Judge Smith, rejected petitioner's contention, holding that "the former strictures of § 775.11, requiring the full panoply of information, arraignment and trial on the issue of identity, do not apply when the fact of the recidivist's prior conviction of a felony appears to the sentencing judge before or at the time of the adjudication and sentence for the subsequent offense."
In Wright v. State, supra, and in a case involving a different appellant with the same surname decided the same day and reported at 291 So.2d 129, the District Court of Appeal, Second District, concluded that summary imposition of the enhanced sentence because of a defendant's recidivist status was impermissible. That court, while conceding that the procedures under Section 775.11 "may well be archaic and cumbersome," nevertheless found that its strictures applied to that factual situation, which does not differ significantly from that with which we are faced today.
The process by which the two district courts reached differing conclusions is easily described. The Second District, speaking through Chief Judge McNulty, pointed out that prior to 1971 Florida's general recidivist statutes were Section 775.09, .10, and .11. In that year, however, the Legislature enacted Chapter 71-136, Laws of Florida, which repealed Section 775.09 and .10, dealing with the punishment for second and fourth felony convictions respectively, and replaced it with Section 775.084. Section 775.084, Florida Statutes (1973), "was intended to be substituted in the stead of the repealed sections and ... was to be the sole general recidivist statute in force." Since Section 775.11 had not been repealed, the court decided that the procedures which it outlined had to be given effect "insofar as the procedures are concerned for the imposition of enhanced punishment in the normal recidivist situation." Finally, the court concluded that, "save for the specific mention of the now repealed §§ 775.09 and 775.10," Section 775.11 made sense when read in pari materia with the new Section 775.084.
*603 As indicated above, the District Court of Appeal, First District, after acknowledging conflict with Wright, supra, determined that Section 775.11(1) was designed only "to afford an opportunity for the State to seek the extended term of commitment provided for by § 775.084 when, through oversight, the fact of the previous conviction did not appear or become known to the court or prosecutor until `after sentence or conviction' for the subsequent offense." The court concluded that the repeal of Section 775.11, effective October 1, 1975, "evidences legislative intent that the provisions of § 775.084, which continues in effect, be utilized in accordance with due process of law independent of former § 775.11."
A superficial analysis of this rather knotty problem of statutory construction suggests that Section 775.11 is designed to provide a means of penalizing a defendant under Section 775.084 when the fact of eligible prior convictions is made to appear subsequent to the trial court's original sentence for the later offense. Such an analysis would provide a means of allotting the statute some vitality (prior to its 1975 repeal) yet avoiding the unfortunate consequence of subjecting all recidivist sentencing hearings to the "archaic" and "cumbersome" procedures outlined therein. However, the statute's use of the disjunctive "or" between "sentence" and "conviction" makes this approach less tenable, and we cannot in intellectual honesty pursue this course.
On the other hand, we cannot persuade ourselves that any conclusion other than that the Legislature simply neglected to repeal Section 775.11 in 1971 does justice to the parties in the instant case. Sections 775.09, .10, and .11, Florida Statutes, were clearly a tripartite "package" from the date of their enactment as Chapter 12022, Laws of Florida (1927), until their partial repeal in 1971. That this is the case is clearly demonstrated by the connection between Sections 2 and 3 of the 1927 enactment:
"Sec. 2. Punishment for fourth conviction of felony: A person who after having been three times convicted within this State of felonies or attempts to commit felonies, or under the law of any other State, government or country of crimes which, if committed within this State, would be felonious, commits a felony within this State shall be sentenced upon conviction of such fourth or subsequent offense to imprisonment in a State prison for the term of his natural life. A person to be punishable under this and the preceding section need not have been indicted and convicted as a previous offender in order to receive the increased punishment therein provided, but may be proceeded against as provided in the following section:
"Sec. 3. If at any time either after sentence or conviction it shall appear that a person convicted of a felony has previously been convicted of crimes as set forth either in Section 1 or Section 2 it shall be the duty of the Prosecuting Attorney... ."
Of course, for 44 years thereafter Sections 2 and 3 were respectively Florida Statutes Sections 775.10 and .11. The use of the colon to connect these statutes further suggests the artificiality of the substance-procedure dichotomy by which the Second District Court of Appeal sought to save 775.11 after the repeal of its companion statutes.[1] That the Legislature intended the repeal of Section 775.11 is further evidenced by the references in the 1971 and 1973 versions to the repealed companion statutes. What better evidence of legislative oversight could be imagined?
We are mindful of our duty to give effect to legislative enactments despite any personal opinions as to their wisdom or efficacy. No principle is more firmly embedded in our constitutional system of separation *604 of powers and checks and balances. But we cannot construe statutes in pari materia when to do so leads to absurd results which are at variance with other indicia of legislative intent. This is the situation with which we are faced in the instant case, and it is our duty to the people of Florida to make the best sense out of such legislative entanglements when they arise.
Accordingly, we hold that the trial court did not err in failing to follow the procedures of Section 775.11, Florida Statutes (1973), and the writ of certiorari is discharged.
OVERTON, C.J., and ADKINS, ENGLAND and HATCHETT, JJ., concur.
ROBERTS (Retired), J., concurs in judgment.
BOYD, J., dissents with an opinion.
BOYD, Justice, dissenting.
I respectfully dissent to the majority opinion and would adopt the statutory construction stated in Wright v. State, 291 So.2d 129 (Fla. 2d DCA 1974).
Section 775.084 contained in both the statutes of 1973 and 1975 permits judges to impose criminal penalties for being habitual criminals. Section 775.11 in the 1973 and 1975 statutes provided the same constitutional standards for a fair trial as in other criminal proceedings. Since both 775.084 and 775.11 related to the same subject matter, the court should have construed them in pari materia to require the State to comply with both statutes. It is elementary that conflicts and uncertainties in criminal statutes must be resolved against the State and for the accused.
To a person who receives an enhanced sentence under Section 775.084 it makes little difference that habitual criminality is not defined as a criminal offense. He spends additional time behind bars because a judge has determined that he is the same person as the person who committed the prior offense. Identity is a factual question. For that reason, I believe the person accused of habitual criminality is entitled to a jury trial and the full panoply of "fair trial" rights guaranteed by the Sixth Amendment to the United States Constitution. To hold otherwise would be to ignore the requirement of equal protection of the laws mandated to the States by the Fourteenth Amendment to the United States Constitution.
Equal protection of the law prohibits the Legislature and the courts from granting jury trials and other "fair trial" rights to persons accused of certain crimes and denying them to those accused of being habitual criminals. If the majority opinion correctly interprets the legislative intent, Section 775.084, as it now exists without Section 775.11, is clearly unconstitutional. A person whose liberty is taken by the State should have the comfort of knowing he has been tried by due process of law.
The District Court of Appeal opinion should be quashed and the cause remanded for a new trial under standards of Section 775.11, Florida Statutes. Furthermore, this Court should alert the Legislature to the constitutional deficiency created in the present recidivism sentencing procedure by the recent repeal of Section 775.11.
Equal justice under law requires more than technical explanations from courts as to why one man receives a fair trial while it is denied to another.
NOTES
[1] However, that court did not overlook the awkward consequences of its holding. "Now we observe here that the procedures under said § 775.11 may well be archaic and cumbersome and that the legislature in the upcoming session may well wish to reconsider its failure in 1971 to repeal that section when it sought to streamline the recidivism concept by enacting § 775. 084, supra." 291 So.2d at 121.