OTT, Judge.
Two issues were presented. First, whether the state’s oral motion to strike a material fact allegation in the defendant/appellant’s motion to dismiss was a proper traverse under Fla.R.Crim.P. 3.190(d); second, whether the court properly relied upon certain evidence to establish a prior conviction of appellant for purposes of sentencing the appellant as a second offender pursuant to Section 812.021(3), Florida Statutes. In view of our disposition hereof, we need not answer the first question. We answer the second question in the negative and reverse.
The appellant was charged by information with grand larceny. About five days before the scheduled trial date the parties appeared before the court on a previous motion to suppress (later waived). At this time appellant filed and served the state with a written motion to dismiss pursuant to Fla.R.Crim.P. 3.190 apparently rather untimely filed but justified by appellant due to a change of plea by a co-defendant only two days earlier. This motion to dismiss was taken up at this hearing without objection by either of the parties. Paragraph 5 of the motion to dismiss alleged:
That at no time did the [appellant] . have knowledge of the illegal acts perpetrated by his Co-Defendant
The state attorney orally moved to strike this allegation and in various ways indicated disagreement with various facts in the motion. The court thereupon denied appellant’s motion to dismiss pursuant to Fla.R.Crim.P. 3.190(d), loosely referring to and obviously treating the state’s motion to strike as a “traverse” — again without any indication in the record of an objection by the appellant. The appellant is in no position to complain because in view of the manner in which the motion was presented, the state had no other way to deny the facts.
After a jury trial, appellant was found guilty of the lesser included offense of petit larceny. At a sentencing hearing, in the context of a discussion of the verification of appellant’s prior convictions, the court noted that a letter received by the court from the Florida Parole & Probation Commission established that appellant had committed petit larceny before and would allow the court to sentence appellant pursuant to the enhanced punishment provision of Section 812.021(3), Florida Statutes.
With reference to the first issue, appellant argues for the first time that the state never filed a proper traverse pursuant to the requirements of Fla.R.Crim.P. 3.190(d).[1] As previously noted we do not find it necessary to address this question.
With reference to the second issue the trial court relied upon information of prior conviction contained in a letter from the Florida Parole & Probation Commission office in Dade City, Florida. This letter stated that the information was submitted on “Antonio Harris or Sylvester Antonio Harris” and was “derived from Tampa and Inverness Parole & Probation offices as well as pertinent teletype checks.” The state — although apparently given additional time by the court — was unable to come up with any verification other than the certified copy of a judgment of conviction of a “Robert Knight also known as Sylvester Knight.” The record is devoid of any ad *1266 missions, stipulations, fingerprint records or other appropriate proof of identity. While not particularly specific, objection was made by the appellant to the consideration of such evidence and the failure of the state to submit competent evidence of identity.
Although the supreme court in its recent pronouncement in Moore v. State, 343 So.2d 601 (Fla.1977) has relaxed the standards surrounding proof of identity in enhanced punishment situations, we hold that the documentation relied upon in the instant case was far too casual. In Moore, the court held that the former strictures of the recidivist statute (Section 775.11, Florida Statutes (1973), repealed effective October 1, 1975) “do not apply when the fact of the recidivist’s prior conviction of a felony appears to the sentencing judge before or at the time of the adjudication and sentence for the subsequent offense.” 343 So.2d at 602.' What documentation is needed to show the “fact of the recidivist’s prior conviction” was not spelled out by the supreme court. However, in the face of an objection, we interpret that decision to require more than the Parole & Probation Commission letter and judgment relied upon herein.
The judgment of conviction is therefore affirmed, but the sentence is vacated and the case remanded for further proceedings thereon and such proper sentence as may be imposed thereafter.
GRIMES, Acting C. J., and SCHEB, J., concur.

. The State may traverse or demur to a motion to dismiss which alleges factual matters. Factual matters alleged in a motion to dismiss shall be deemed admitted unless specifically denied by the State in such traverse. . . A motion to dismiss under paragraph (c)(4) of this rule shall be denied if the State files a traverse which denies under oath a material fact alleged in the motion to dismiss. Such demurrer or traverse shall be filed a reasonable time before the hearing on the motion to dismiss.