648 So.2d 247 (1994)
Alice Oswalt GOODE, Appellant,
v.
Sarabjit UDHWANI, Appellee.
No. 93-1459.
District Court of Appeal of Florida, Fourth District.
December 28, 1994.
*248 Ken Barnett and Renee D. Braeunig of Barnett, Hill, Barnard & Neale, Fort Lauderdale, for appellant.
David J. Schottenfeld of Wurtenberger & Schottenfeld, P.A., Davie, for appellee.

ON MOTION FOR REHEARING
WARNER, Judge.
We withdraw our previous opinion and substitute the following in clarification:
We reverse the trial court's order denying appellant's motion for attorney's fees and costs pursuant to an offer of judgment under section 768.79, Florida Statutes (1991). Schmidt v. Fortner, 629 So.2d 1036 (Fla. 4th DCA 1993). Schmidt holds that an award of fees and costs under section 768.79 is mandatory where a judgment in favor of the offeree is at least 25% less than the offer of judgment, unless the trial court determines that the offer was not made in good faith. In the instant case, the trial court denied the motion without making a finding that the offer was not made in good faith, although the other conditions of the statute were met. The trial court did not have the benefit of Schmidt and our construction of the statute, as it was decided after the ruling in this case.
With respect to the costs assessed in favor of appellee, we reverse as to the costs incurred after the offer was filed. Although appellee recovered a judgment in her favor, we hold that § 768.79 controls over § 57.041, Florida Statutes (1991), which allows the taxation of costs by a party recovering a judgment. See Insurance Co. of North America v. Twitty, 319 So.2d 141 (Fla. 4th DCA 1975). While Twitty dealt with former Rule of Civil Procedure 1.442 regarding offers of judgment, it is not materially different in its purpose from section 768.79. Appellee states that the statutes must be read in pari materia, which she contends leads to the result that while appellant can recover her costs from the date of the offer of judgment through the trial, appellee can recover all of her costs through trial. We think that such a result was not intended by the legislature. The purpose of section 768.79 was to serve as a penalty if the parties did not act reasonably and in good faith in settling lawsuits. The statutory language even refers to "the penalties of this section." § 768.79(1). To allow a plaintiff who has not been successful under section 768.79 to still recover costs incurred after the offer was filed would negate at least part of the penalty which the legislature intended to impose. As the supreme court said in Moore v. State, 343 So.2d 601 (Fla. 1977):
[W]e cannot construe statutes in pari materia when to do so leads to absurd results which are at variance with other indicia of legislative intent. This is the situation with which we are faced in the instant case, and it is our duty to the people of Florida to make the best sense out of such legislative entanglements when they arise.
Id. at 604.
Reversed and remanded for a determination of the motion for attorney's fees and *249 costs to appellant pursuant to the offer of judgment and for a redetermination of costs to appellee, consistent with this opinion.
GLICKSTEIN and PARIENTE, JJ., concur.