PERRY, J.,
dissenting.
Because I would find that section 768.79 is procedural for conflict of law purposes, I would find section 768.79 applicable to the instant case despite the parties’ contractual agreement to apply the substantive law of another jurisdiction. Therefore, I would answer the third certified question in the affirmative. Respectfully, I dissent.
Section 768.79 addresses offers of judgment and provides in relevant part:
In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney’s fees incurred by her or him or on the defendant’s behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney’s fees against the award.
§ 768.79(1), Fla. Stat. (2011). I agree with the majority that section 768.79 has a combination of substantive and procedural aspects. Despite its having both substantive and procedural aspects, this Court has held this statute constitutional, determining that for constitutional purposes, the statute is substantive. See Knealing v. Puleo, 675 So.2d 593, 596 (Fla.1996); TGI *83 Friday’s, Inc. v. Dvorak, 663 So.2d 606, 611 (Fla.1995); Timmons v. Combs, 608 So.2d 1, 2-3 (Fla.1992). However, a statute may be substantive in terms of constitutionality, but procedural for choice of law purposes. See Restatement (Second) of Conflict of Laws § 122 cmt. b (1971). I would apply that principle here.
The Restatement (Second) of Conflict of Laws section 6 (1971) provides a helpful analytical framework in determining the range of applicability a legislature intended for a given statute:
The court should give a local statute the range of application intended by the legislature when these intentions can be ascertained and can constitutionally be given effect. If the legislature intended that the statute should be applied to the out-of-state facts involved, the court should so apply it unless constitutional considerations forbid. On the other hand, if the legislature intended that the statute should be applied only to acts taking place within the state, the statute should not be given a wider range of application. Sometimes a statute’s intended range of application will be apparent on its face, as when it expressly applies to all citizens of a state including those who are living abroad.... Provided that it is constitutional to do so, the court will apply a local statute in the manner intended by the legislature even when the local law of another state would be applicable under usual choice-of-law principles.
Restatement (Second) of Conflict of Laws § 6 cmt. b (1971). Looking to the plain language of section 768.79, the statute’s intended range of application is apparent on its face — section 768.79 is to apply “[i]n any civil action for damages filed in the courts of this state.” § 768.79(1), Fla. Stat. (2011). As Judge Gross aptly noted in his concurring opinion in BDO Seidman, LLP v. British Car Auctions, Inc., 802 So.2d 366 (Fla. 4th DCA 2001), “Significantly, the legislature did not limit the statute to cases ‘arising’ or ‘accruing’ in Florida, or to cases controlled by Florida substantive law.” Id. at 372. I cannot ignore the plain language of the statute. Based on this unambiguous language, it could not be more clear that the Legislature intends for this statute to apply to every civil action filed in the courts of this state. In light of the plain language of the statute, along with this Court’s precedent that the court’s discretion to deny attorney’s fees under this statute is limited, I do not see how the Legislature could mean anything but that this statute applies to all cases filed in Florida. See TGI Friday’s, 663 So.2d at 610. Accordingly, the statute is procedural for choice of law purposes.
Even if I were to agree with the majority that section 768.79 is substantive for conflict of law purposes, I would find that the public policy of preserving judicial resources outweighs the policy of the parties’ freedom to contract. Florida’s Legislature has authorized contracting parties to agree that the laws of another state having a reasonable relation to the transaction may govern their rights; however, the exception to this rule arises when the law of the chosen forum contravenes a strong public policy of Florida. See § 671.105, Fla. Stat. (2011). This Court’s precedent provides that a right to attorney’s fees does not outweigh the public policy promoting freedom of contract. See Walls v. Quick & Reilly, Inc., 824 So.2d 1016, 1019-20 (Fla. 5th DCA 2002); Precision Tune Auto Care, Inc. v. Radcliffe, 815 So.2d 708, 710-11 (Fla. 4th DCA 2002). However, the Legislature’s driving concern in implementing section 768.79 was not simply allocation of attorney’s fees. Instead, the main purpose of section 768.79 is “to encourage resolution of disputed claims without the unnecessary consumption of scarce *84 judicial resources.” Allstate Insurance Co. v. Materiale, 787 So.2d 173, 176 (Fla. 2d DCA 2001). “The purpose of section 768.79 is to lead ‘litigants to settle by penalizing those who decline offers that satisfy the statutory requirements.’ ” BDO Seidman, 802 So.2d at 371 (Gross, J., concurring specially) (quoting MGR Equip. Corp. v. Wilson Ice Enters., Inc., 731 So.2d 1262, 1264 (Fla.1999)); see Allstate, 787 So.2d at 176. The Legislature has made a clear policy decision here to preserve this state’s judicial resources. As Judge Gross noted in his concurring opinion in BDO Seidman, whether the instant lawsuit expends Florida’s judicial resources is not a concern of another state, but rather a concern of Florida. See BDO Seidman, 802 So.2d at 372 (Gross, J., concurring specially). “Not to apply section 768.79 in this type of case would ‘impose an undue burden upon’ Florida.” Id. I cannot think of a stronger policy than preserving the already overburdened judicial resources of this state. Thus, I would find that the policy of encouraging settlement and preserving Florida’s judicial resources outweighs freedom of contract in this case and should not be avoided by parties agreeing that another jurisdiction’s substantive law applies. Therefore, I would find the Offer of Judgment Statute applicable to the instant case despite a contract to apply the law of another state. Accordingly, I would answer the third certified question in the affirmative. Because I would answer the third question in the affirmative, I would also address the other certified questions.