845 So.2d 1002 (2003)
Jarratt G. BENNETT, etc., et al., Appellants/Cross-Appellees,
v.
Susan MORALES, n/k/a Susan Howell, et al., Appellee/Cross-Appellants.
Nos. 5D01-2444, 5D02-685, 5D02-687.
District Court of Appeal of Florida, Fifth District.
May 23, 2003.
Rehearing Denied May 27, 2003.
*1003 Stephen M. Masterson, Lisa J. Augspurger and Richard Burton Bush, of Bush, Augspurger, & Lynch, P.A., Orlando, for Appellants/Cross-Appellees.
David H. Simmons and Kenneth P. Hazouri of Drage, de Beaubien, Knight, Simmons, Mantzaris & Neal, LLP, Orlando, for Appellee/Cross-Appellant.

ON MOTION FOR CLARIFICATION
SHARP, W., J.
We grant Appellee/Cross-Appellant's Motion for Clarification and/or Correction of Opinion, withdraw our previous opinion and issue this opinion in its place.
This is an appeal and cross-appeal of final judgments for attorneys fees and costs in which Susan Howell (Howell) was awarded $540,037.72 in attorneys fees and $24,284.27 in costs from IFG Network Securities, Inc. (IFG); and $55,675 in costs from Jarratt G. Bennett (Bennett), after she prevailed in a securities fraud case.[1] We affirm in part, reverse in part, and certify a question of public importance to the Florida Supreme Court.[2]
In April of 1990, Howell recovered $629,000 in a Virginia medical malpractice action based on her doctor's failure to diagnose an infection, which resulted in her becoming permanently disabled. She invested $580,000 of this money through Bennett, for the purpose of having additional income. Bennett was a registered broker/dealer agent who periodically changed his affiliation with different firms. He eventually became affiliated with IFG. Howell's account followed Bennett through these various changes, and was eventually transferred to IFG.
In 1997, Howell consulted with a representative from Dean Witter and discovered that the value of her account value had fallen to $350,000. She transferred her account to Dean Witter and sued, inter alia, Bennett and IFG, alleging they had engaged in questionable investing practices, which included overreaching, and Bennett's repositioning Howell into risky investments that paid large commissions.
The trial court based the attorney fee award on a demand for settlement made by Howell, pursuant to section 768.79 and Florida Rule of Civil Procedure 1.442, and it applied a 2.25 contingency risk multiplier. See Standard Guaranty Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla.1990), modifying, Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985).
Appellants make various challenges to this award. They cite to our holding in Allstate Ins. Co. v. Sarkis, 809 *1004 So.2d 6 (Fla. 5th DCA 2001), rev. granted, 826 So.2d 992 (Fla.2002), and raise new questions about interpretation of the factors surrounding the application of the contingency risk multiplier. In Allstate v. Sarkis, we held that a contingency risk multiplier should not be used to compute attorney's fees in an offer of judgment case. We are bound by that decision. Based on Sarkis, we hold the use of the multiplier in the attorney's fees award, pursuant to section 768.79, was error, and we decline the parties' invitation to consider the findings and factors surrounding the imposition of the risk multiplier. However, we re-certify this issue to the Florida Supreme Court for resolution in accordance with its granting review in Allstate v. Sarkis, and conflict with the Fourth District. See Island Hoppers, Ltd. v. Keith, 820 So.2d 967 (Fla. 4th DCA 2002).
Appellants also argue that section 768.79 should not be applied because the parties agreed the substantive law of Virginia applied to this cause and the award of fees is substantive, not procedural. On this point, we agree with Judge Klein's opinion in BDO Seidman, LLP v. British Car Auctions, Inc., 802 So.2d 366 (Fla. 4th DCA 2001), that section 768.79 applies to all civil actions for damages brought in Florida, even where the substantive law of another jurisdiction is applied.
Appellants make a similar argument about the award of prejudgment interest. They claim it was error for the trial court to determine the award post-trial because the law of Virginia provides that interest is an issue that must be proven by evidence and decided by the jury. This differs from Florida law where the assessment of prejudgment interest is a ministerial act, a mathematical calculation, to be performed by the trial judge after the jury renders its verdict. Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212 (Fla.1985); Maingate Dev., Inc. v. Lakeview Marketing Group, Inc., 758 So.2d 1290 (Fla. 4th DCA 2000).
This issue was raised at a hearing during the trial, on May 24, 2001, when appellees' counsel told the court that interest was a procedural matter, and cited to Argonaut. Appellants' counsel did not object, claiming the matter was premature. The trial judge agreed. On July 17, 2001 appellee's counsel again raised the issue and advised the court that there was a stipulation in the record about it. Appellee's counsel claimed that the transcript did not accurately reflect the tape of the hearing, and had brought a representative of the court reporting company with him to verify that fact. However, the judge remembered the discussion, and said he could state "very definitely" that he would not have proceeded the way he did, had he not thought that the parties agreed that the interest would be awarded after the trial was over, i.e., pursuant to Florida law.
We do not reach the issue of whether error occurred because the trial court did not apply the substantive law of Virginia regarding determination of the interest award. The record indicates that counsel failed to object, advised the court the issue was premature, and subsequently stipulated to having the court determine the interest post-trial. A party may not make or invite error and then take advantage of it on appeal. See Sheffield v. Superior Ins. Co., 800 So.2d 197 (Fla.2001); Gupton v. Village Key & Saw Shop, Inc., 656 So.2d 475 (Fla.1995).
Furthermore, we note that section 90.202(2), Florida Statutes (2001) provides that Florida courts may take judicial notice of the laws of sister states, and section 90.203 provides that the court must take such notice where the adverse party has been given written notice, and sufficient *1005 information has been given to the court. Transportes Aereos Nacionales, S.A. v. De Brenes, 625 So.2d 4 (Fla. 3d DCA 1993). The record is insufficient to show that appellants met the requirements of section 90.203 in this case.
With respect to costs, appellants allege that in making an award of expert witness fees, the trial court erred because it did not follow the Statewide Uniform Guidelines for Taxation of Costs in Civil Actions (the "Uniform Guidelines"). The final judgment only sets out the total cost award, and the lack of specificity in the award precludes our review of this matter. Stewart & Stevenson Services, Inc. v. Westchester Fire Ins. Co., 804 So.2d 584, 588 (Fla. 5th DCA 2002). We therefore remand this issue to the trial court so that it can make findings.[3]
Lastly, we reverse and remand on appellants' claim that the trial court erred in assessing costs against Bennett of $55,675, and against IFG in the sum of $24,184.27, individually. The parties agree that all costs should have been awarded jointly and severally and that the award against IFG should have been $11,986.50 greater.
We therefore reverse the attorney's fee award to the extent it includes use of a multiplier and certify the issue of the application of the contingency risk multiplier to offer of judgment cases, to the Florida Supreme Court. We affirm the award of prejudgment interest, and reverse and remand on the cost awards.
AFFIRMED in part; REVERSED and REMANDED in part; Question CERTFIED.
SAWAYA and ORFINGER, JJ., concur.
NOTES
[1] During the pendency of this appeal, the parties settled their disputes on the underlying damage issues.
[2] Fla. R.App. P. 9.030(2)(A)(iv) and (v).
[3] In doing so, we observe that the Uniform Guidelines contains two sections which pertain to the award of costs for depositions. Section 1.E. pertains to depositions in general. Section 2.G. is specifically applicable to depositions of expert witnesses. Section 2.H. provides that no fees should be awarded for depositions that are not used, in whole or in part, at the trial. See also, section 92.231(2), which allows attorneys fees for "[a]ny expert or skilled witness who shall have testified." (emphasis added).