921 So.2d 781 (2006)
Marilyn MARCY and Kenneth Marcy, Appellant,
v.
DAIMLERCHRYSLER CORPORATION, Appellee.
No. 5D05-1495.
District Court of Appeal of Florida, Fifth District.
February 24, 2006.
*782 Alex D. Weisberg of Krohn & Moss, Ltd., Sunrise, and Theodore F. Greene, III of Law Offices of Theodore F. Greene, LC, Orlando, for Appellant.
Gregory A. Anderson and Jeffrey L. Smith, of AndersonGlenn, LLC, Jacksonville, and John J. Glenn of AndersonGlenn, LLC, Boca Raton, for Appellee.
*783 MONACO, J.
In this appeal the appellants, Kenneth and Marilyn Marcy, challenge the legality of an award of attorneys' fees against them as a result of an unsuccessful claim that they brought under 15 USC Section 2301, the Magnuson-Moss Warranty Act. Because we conclude that the fees were properly awarded to the appellee, DaimlerChrysler Corporation, we affirm.
Mr. and Mrs. Marcy purchased a Dodge Neon having a standard new car factory warranty from an authorized Daimler-Chrysler dealer. The air conditioner did not work to the satisfaction of the Marcys, despite numerous attempts at repair by DaimlerChrysler. Although Mr. and Mrs. Marcy sent a letter revoking acceptance of the Neon, and demanding a refund and attorneys' fees, DaimlerChrysler refused to take back the vehicle, and the Marcys filed suit on a breach of warranty theory under the Magnuson-Moss Warranty Act ("MMWA").
During the course of the suit, Daimler-Chrysler made a proposal for settlement to Mr. and Mrs. Marcy in the amount of $1,500 in accordance with rule 1.442, Florida Rules of Civil Procedure, and section 768.79, Florida Statutes (2003). The Marcys rejected the offer, filed a motion to strike it, and proceeded to a non-jury trial.
The trial had an unhappy result for Mr. and Mrs. Marcy. The trial court directed a verdict against them, and they recovered nothing. DaimlerChrysler then filed a motion for attorneys' fees premised on their proposal for settlement. Mr. and Mrs. Marcy objected, arguing that the MMWA preempted the mechanism for awarding attorneys' fees under state statutes. The trial court, however, found that the MMWA did not preempt Florida's attorneys' fees statute and rule, and awarded $19,435.85 in favor of DaimlerChrysler.[1] In its order awarding fees the trial court found that the settlement offer was made in good faith, and that the award was based in part on the "frivolity of the (Marcys') claims." The trial judge wrote, as well, that Mr. and Mrs. Marcy "certainly knew [that the case was frivolous] after discovery." The Marcys then appealed.

A. Standard of Review.
When faced with questions of statutory application and federal preemption, we apply a de novo standard of review. See Clines v. State, 912 So.2d 550 (Fla. 2005); Montage Group, Ltd. v. Athle-Tech Computer Sys., Inc., 889 So.2d 180, 190 (Fla. 2d DCA 2004). In this instance, we conclude after application of that standard that the trial court was correct in its determination that the MMWA did not preempt the Florida statute and rule concerning an award of attorneys' fees to a successful defendant.

B. Federal Preemption.
Within constitutional limits, and specifically by virtue of the Supremacy Clause of the United States Constitution, Congress may preempt state statutes and regulations in essentially three ways. See New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995); Pacific Gas & Elec. Co. v. Energy Res. Conservation & Development Comm'n, 461 U.S. 190, 103 S.Ct. 1713, 75 L.Ed.2d 752 (1983); Frank Bros., Inc. v. Wisconsin Dep't of Transp., 409 F.3d 880 (7th Cir.2005). First, Congress may preempt state authority by expressly articulating the intention to preempt in the language of a statute. See Jones v. Rath Packing Co., 430 U.S. 519, 525, 97 S.Ct. *784 1305, 51 L.Ed.2d 604 (1977). Second, federal preemption might be implied from a scheme of federal regulation that is so pervasive that it can reasonably be inferred that Congress left no room for the states to supplement it; or because the field is such that the federal interest is so dominant as to preclude the enforcement of state laws on the same subject; or because the object sought to be obtained by federal law and regulation yields the same implication of preemption. See Fidelity Fed. Sav. & Loan Ass'n v. de la Cuesta, 458 U.S. 141, 153, 102 S.Ct. 3014, 73 L.Ed.2d 664 (1982). Finally, even in cases where Congress does not entirely displace state regulation in a particular area, state law may be preempted to the extent that it actually conflicts with federal law. That is to say, where "compliance with both federal and state regulations is a physical impossibility." See Fla. Lime & Avocado Growers, Inc. v. Paul, 373 U.S. 132, 142-43, 83 S.Ct. 1210, 10 L.Ed.2d 248 (1963). After examining the Florida statute and rule, and comparing it to the MMWA, we find no express, implied or conflict federal preemption by the MMWA.

C. Analysis.
In considering whether there is a federal preemption, we first focus on the premise that state law is displaced only "to the extent that it actually conflicts with federal law." See Pacific Gas, 461 U.S. at 204, 103 S.Ct. 1713. See also Gade v. Nat'l Solid Wastes Mgmt. Ass'n, 505 U.S. 88, 112 S.Ct. 2374, 120 L.Ed.2d 73 (1992). The attorneys' fee provision contained with the MMWA states:
If a consumer finally prevails in any action brought under [this section], he may be allowed by the court to recover as part of the judgment a sum equal to the aggregate cost and expenses (including attorneys' fees based on actual time expended) determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action, unless the court in its discretion shall determine that such an award of attorneys' fees would be in appropriate.
15 U.S.C. § 2310(d)(2). The purpose of the MMWA's provision for prevailing plaintiff's attorneys' fees is to encourage meritorious claims for breach of warranty. Catalina Yachts v. Pierce, 105 P.3d 125, 128 (Alaska 2005); State Farm Fire & Cas. Co. v. Miller Elec. Co., 231 Ill.App.3d 355, 172 Ill.Dec. 890, 596 N.E.2d 169, 171-72 (1992). The provision, however, does not specifically address the subject of a prevailing defendant's attorneys' fees.
In Motor Vehicle Manufacturers Association of U.S., Inc. v. Abrams, 899 F.2d 1315, 1319 (2d Cir.1990), cert. denied, 499 U.S. 912, 111 S.Ct. 1122, 113 L.Ed.2d 230 (1991), the United States Court of Appeals for the Second Circuit observed after an insightful analysis of the MMWA that "Congress intended federal law in this area to supplement, not supplant, the rights and remedies provided by state law." Similarly, in Walsh v. Ford Motor Co., 807 F.2d 1000 (D.C.Cir.1986), cert. denied, 482 U.S. 915, 107 S.Ct. 3188, 96 L.Ed.2d 677 (1987), the United States Court of Appeals for the D.C. Circuit held that Congress did not intend by the MMWA to replace state law except in those instances where it explicitly said it was doing so. Moreover, 15 U.S.C. Section 2311, the section of the MMWA that details its application to other statutes, does not either expressly or implicitly preempt any state statute concerning an award of attorneys' fees for a prevailing party. Rather, this section provides that the MMWA preempts state warranty law in very specific and limited circumstances, and does not affect the applicability of other enumerated federal statutes. See *785 Catalina Yachts. If the MMWA is only supplementary to state law, and if it is intended to preempt state warranty law only in a narrow area, then there appears to be ample room for state law to apply in the areas not specifically addressed by the federal act.
Consider now the applicable Florida legislation. Section 768.79(1) states in relevant part:
In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award.
Florida's offer of judgment and demand for judgment statute applies to all civil actions for damages brought in Florida, even where the substantive law of another jurisdiction is applied. See Bennett v. Morales, 845 So.2d 1002, 1004 (Fla. 5th DCA 2003) (applying Virginia law). The statute creates a mandatory award for attorney's fees when the appropriate conditions are met. See Keesee v. Bank of America, N.A., 371 F.Supp.2d 1370, 1376 (M.D.Fla.2005). Rule 1.442, Florida Rules of Civil Procedure, applies to "all proposals for settlement authorized by Florida law," including presumably a proposal under section 768.79(1), and details the procedural process to be followed in implementing the statute. See Willis Shaw Exp., Inc. v. Hilyer Sod, Inc., 849 So.2d 276 (Fla.2003).
When the MMWA and the offer of judgment statute and rule are read together, it becomes clear that they are not in conflict. The MMWA is silent as to attorneys' fees except with respect to a possible award to a prevailing plaintiff. No section of the federal statute denies a defendant the ability to recover fees and costs, or for that matter, even addresses whether a defendant can recover such expenditures. Moreover, several cases from other jurisdictions facing the same issue confirm that the MMWA was not intended to preempt state attorneys' fees statutes in cases brought under it.
In Deadwyler v. Volkswagen of America, Inc., 748 F.Supp. 1146 (N.C.1990), affirmed, 966 F.2d 1443 (4th Cir.), cert. denied, 506 U.S. 956, 113 S.Ct. 415, 121 L.Ed.2d 339 (1992), a class action brought under the MMWA, a United States District Court awarded attorney's fees to Volkswagen in multiple states, including Florida, finding that the federal court was bound by the state statute, Section 510.204, which mandates an award of attorney's fees to the prevailing party. Id. at 1149, 1151. The defendants invoked the application of the Florida statute, and the court held that it was bound by that state legislation because it could find no intended displacement in the MMWA of state law beyond the Act's explicit prescriptions. In this connection, the court announced:
The Court concludes that the Plaintiffs' preemption argument fails and since the federal act contains no proscription against the assessment of attorneys fees to a prevailing defendant state law would continue in force.
Id. at 1150.
Similarly, in Catalina Yachts, the Alaska Supreme Court considered the question of whether attorney's fees could be awarded under the state offer of judgment law to a defendant who successfully withstood claims brought under MMWA. Alaska Civil *786 Rule 68, which is somewhat analogous to the Florida statute and rule, allows defendants to obtain post-offer costs and attorney's fees if the judgment obtained by plaintiffs is less than the offer, and bars the recovery of post-offer attorney's fees to plaintiffs. Id. at 128. The Alaska Supreme Court reversed the trial court finding that MMWA preempted Rule 68, and specifically found no conflict between the federal and state laws because the MMWA does not specifically bar awards of attorney's fees to defendants, and because the state regulation did not undermine the policy or purpose behind the MMWA. Id. at 129, 130. In considering the fact that the MMWA authorizes possible awards to prevailing plaintiffs and is silent with respect to other fee awards, the court there said:
But the Act's failure to authorize awards to defendants is not the same as a bar on such awards when they are allowed by another authority. This silence distinguishes Magnuson-Moss from other federal laws that place limits on the circumstances in which defendants can receive fee awards and that therefore may conflict with state fee provisions.
Id. at 129.
Finally, the Arizona Court of Appeals also upheld a trial court's award of attorney's fees in favor of a successful defendant in a claim brought under the MMWA. Chaurasia v. Gen. Motors Corp., 126 P.3d 165 (Ariz.Ct.App.2006). The trial court awarded attorney's fees pursuant to an Arizona statute similar to Florida's offer of judgment statute. On appeal, the appellate court in holding that the MMWA was not intended to displace state law absent a conflict, quoted the Walsh decision to the effect that:
There is nothing obscure about the interplay [between state implied warranty law and federal standards that] Congress ordered: state law creates the warranty and also governs its dimensions, except as otherwise prescribed with particularity in Magnuson-Moss itself. The Federal prescriptions apply as written; where the Act states no prescription, state law continues in force.
807 F.2d at 1013. The Chaurasia court then found no conflict between the Arizona and federal statutes, held that the MMWA does not preempt the state law, and concluded that an application of the state law would not undermine the policy implications of the MMWA. Chaurasia, 126 P.3d at 174.

D. Conclusion.
We are persuaded by the logic of these opinions that the MMWA is not in conflict with either section 768.79 or rule 1.442. We are likewise convinced that the MMWA does not preempt Florida law in connection with the issue of attorneys' fees, and that the enforcement of section 768.79 and rule 1.442 does not undermine the policies and purposes of the MMWA. The cases cited by Mr. and Mrs. Marcy, which are primarily cases brought under Title VII of the Civil Rights Act, 42 U.S.C. Section 2000(e), or under a provision of the Federal Fair Debt Protection Collection Act, 15 U.S.C. Section 1692k(a)(3), are distinguishable. The Civil Rights Act, on the other hand, has an express provision authorizing a defendant to obtain attorney's fees, and that provision has been interpreted to allow defendant's recovery only when the claims of the plaintiff are vexatious, frivolous, or brought to harass the defendant. See Chapman v. Laitner, 809 So.2d 51 (Fla. 3d DCA 2002). Likewise, the Federal Fair Debt Protection Collection Act has an express provision that denies defendant's a fee recovery unless the plaintiff's claims are in bad faith or to harass the defendant. 15 U.S.C. § 1692k(a)(3). While no section of the MMWA either allows or denies a defendant *787 the ability to recover its fees and costs, the Civil Rights Act and the Federal Fair Debt Protection Collection Act both specifically address the subject of attorneys' fees for successful defendants. We conclude that this distinction is critical.
Accordingly, we find no error in the order granting attorneys' fees to DaimlerChrysler in the present case.
AFFIRMED.
LAWSON, J., concurs.
GRIFFIN, J., concurs in result only.
NOTES
[1] The amount awarded is not in controversy.