LEWIS, J.
This case is before the Court for consideration of a question of Florida law certified by the United States Court of Appeals for the Eleventh Circuit to be determinative of a cause pending in that court and for which there appears to be no controlling precedent. We have jurisdiction. See art. V, § 3(b)(6), Fla. Const. In Auto-Owners Insurance Co. v. Southeast Floating Docks, Inc., 682 F.3d 1195 (11th Cir.2011), the Eleventh Circuit certified the following questions to this Court:
DOES FLA. STAT. § 768.79 ALLOW FOR VALID OFFERS OF JUDGMENT IN A SEPARATE SECOND TRIAL; AND, IF SO, MAY OFFERS BE DEEMED VALID IN INSTANCES WHERE AN APPELLATE COURT REINSTATES THE JUDGMENT OF THE FIRST TRIAL?
DOES THE CONDITIONING OF AN OFFER OF JUDGMENT ON THE RESOLUTION AND DISMISSAL WITH PREJUDICE OF THE OFFER-EE’S CLAIMS IN THE ACTION AGAINST A THIRD-PARTY RENDER THE OFFER OF JUDGMENT A JOINT PROPOSAL, AS THAT TERM IS USED IN FLORIDA RULE OF CIVIL PROCEDURE 1.442(c)(3)?
DOES FLA. STAT. § 768.79 APPLY TO CASES THAT ARE GOVERNED BY THE SUBSTANTIVE LAW OF ANOTHER JURISDICTION; AND, IF SO, IS THIS STATUTE APPLICABLE EVEN TO CONTROVERSIES IN WHICH THE PARTIES HAVE CONTRACTUALLY AGREED TO BE BOUND BY THE SUBSTANTIVE LAWS OF ANOTHER JURISDICTION?
Id. at 1200, 1202-03. For the reasons stated below, we answer the third certified question in the negative which renders the first two certified questions moot. We, therefore, decline to address those moot issues.

Facts and Procedural History

The facts of this case are not in dispute. Auto-Owners Insurance Company (Auto-Owners) issued a performance bond in connection with the work of Southeast Floating Docks, Inc. (Southeast) pursuant to a contract which provided that Southeast would build a floating dock for Rivermar Contracting Company (Rivermar). See Southeast, 632 F.3d at 1197. A dispute arose with regard to the performance by Southeast under the contract, and River-mar filed an action against both Southeast and Auto-Owners for breach of contract. See id. Auto-Owners settled the dispute with Rivermar for $956,987, and filed the instant action against Southeast in the United States District Court for the Middle District of Florida based on a written agreement between Auto-Owners, Southeast, and Southeast’s president, Alan Simpson. See id.[1] Of note, the agreement between Auto-Owners and Southeast included a choice-of-law clause that provided for the substantive law of Michigan to apply to all disputes arising under the contract. See id. at 1202. During trial, Southeast and Simpson contended that they were not responsible for the indemnification of Auto-Owners because the settlement Auto-Owners reached with River-mar was in bad faith. See id. at 1197.
*77 On June 1, 2006, the jury returned a verdict in favor of Southeast. See id. It found that Auto-Owners settled with Rivermar in bad faith, and, as a result, Southeast had no obligation to indemnify Auto-Owners. See id. A judgment of no liability was entered the next day. See id. Auto-Owners subsequently filed a motion for a new trial. See id. at 1198. The district court granted the motion and set aside the verdict and judgment of no liability previously entered. See Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc., No. 6:05-cv-334-Orl-31JGG, 2006 WL 2598765, at *8 (M.D.Fla. Sept. 11, 2006), rev’d, Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc., 571 F.3d 1143, 1155-56 (11th Cir.2009). On September 25, 2006, the district court scheduled a retrial for April 2, 2007. See Southeast, 632 F.3d at 1197.
On December 11, 2006, more than six months after the conclusion of the first trial and four months before the date scheduled for the second trial, Southeast sent Auto-Owners an offer of judgment pursuant to section 768.79, Florida Statutes (2006). See id. Southeast offered to pay Auto-Owners $300,000 in exchange for the resolution and dismissal, with prejudice, of all claims asserted by Auto-Owners against Southeast and Simpson, including attorney’s fees. See id. Auto-Owners rejected the offer, and the case proceeded toward the scheduled retrial. See id.
On March 1, 2007, the district court granted Auto-Owners’s motion for summary judgment, and entered an award of $1,135,658.98 in favor of Auto-Owners. See id. Southeast appealed that judgment and argued, among other things, that the district court’s original grant of the motion for new trial after the first trial was erroneous. See id. On June 16, 2009, the Eleventh Circuit Court of Appeals reversed the judgment and the district court’s order for a new trial and reinstated the jury verdict from the original trial in favor of Southeast. See id.[2] Shortly thereafter, Southeast filed a motion for attorney’s fees in federal district court pursuant to section 768.79, which establishes a party’s entitlement to attorney’s fees upon certain conditions related to filing an offer of judgment. See id. That motion for attorney’s fees was denied on the basis that Southeast failed to serve the plaintiff a proposal for settlement at least forty-five days before trial as required by Florida Rule of Civil Procedure 1.442(b). See id. The foundation of the district court’s determination was that the trial date in question for consideration of the issue of attorney’s fees was only that of the first trial, which rendered Southeast’s December 11, 2006 offer, a date more than six months after the conclusion of the first trial, untimely. See id.
Southeast sought review of the determination of attorney’s fees in the Eleventh Circuit. The circuit court, based upon an inability to find “definitive answers in clearly established Florida law,” certified the previous three questions to this Court with regard to the application of section 768.79 and Florida Rule of Civil Procedure 1.442. See id. at 1197. This proceeding followed.

Analysis

We begin our analysis by addressing the third certified question, which involves a determination of whether section *78 768.79(1) constitutes substantive law and, therefore, is inapplicable in instances where parties to a contract have agreed to be bound by the substantive law of another forum. We begin here because the answers to the first two certified questions are dependent on a determination of whether section 768.79 applies in this case, which requires us to determine whether the fee statute is substantive or procedural. This dispute originates from the choice-of-law clause in Southeast and Auto-Owners’s contract that provides for the substantive law of Michigan to apply to disputes that arise under the agreement. Southeast argues that section 768.79 is procedural for conflict of law purposes, warranting its application in this dispute, while Auto-Owners argues that the statute is substantive, and, therefore, is not applicable because the parties have agreed that the substantive law of Michigan shall apply.[3] The issue before the Court involves a question of statutory interpretation and we review it de novo. See Borden v. Eastr-European Ins. Co., 921 So.2d 587, 591 (Fla.2006).
Article V, section 2(a), of the Florida Constitution grants this Court the exclusive authority to adopt rules of judicial practice and procedure for actions filed in this State, while the Legislature is charged with the responsibility of enacting substantive law. See Allen v. Butterworth, 756 So.2d 52, 59 (Fla.2000); see also TGI Friday’s, Inc. v. Dvorak, 663 So.2d 606, 611 (Fla.1995). The distinction between substantive laws enacted by the Legislature and procedural rules governed by the Court is not always clear. See Caple v. Tuttle’s Design-Build, Inc., 753 So.2d 49, 53 (Fla.2000). Therefore, this Court has provided the following guidelines to determine whether a statute is procedural or substantive in nature:
Substantive law has been defined as that part of the law which creates, defines, and regulates rights, or that part of the law which courts are established to administer. It includes those rules and principles which fix and declare the primary rights of individuals with respect towards their persons and property. On the other hand, practice and procedure “encompass the course, form, manner, means, method, mode, order, process or steps by which a party enforces substantive rights or obtains redress for their invasion. ‘Practice and procedure’ may be described as the machinery of the judicial process as opposed to the product thereof.” It is the method of conducting litigation involving rights and corresponding defenses.
Massey v. David, 979 So.2d 931, 936-37 (Fla.2008) (emphasis in original) (quoting Haven Fed. Sav. & Loan Ass’n v. Kirian, 579 So.2d 730, 732 (Fla.1991)). Article II, section 3 proscribes one branch of government from exercising “any powers appertaining to either of the other branches unless expressly provided herein[,]” and it is clear that both the Legislature and the judiciary are jointly responsible for ensuring that statutes which may contain both procedural and substantive aspects work harmoniously to prevent one branch from encroaching on the constitutional powers of another. See TGI Friday’s, 663 So.2d at 611.[4]
*79 Although the Florida Legislature did not codify section 768.79 until 1986, see § 768.79, Fla. Stat. (Supp.1986), the origins of Florida’s offer of judgment statute date back to 1972, when this Court initially adopted a variation of section 768.79 that mirrored Federal Rule of Civil Procedure 68. See In re Fla. Bar, 265 So.2d 21 (Fla.1972); see also Sarkis v. Allstate Ins. Co., 863 So.2d 210 (Fla.2003).[5] The current version of the offer of judgment statute is procedurally buttressed by Florida Rule of Civil Procedure 1.442, which details the requirements to properly file a proposal of settlement. See Attorneys’ Title Ins. Fund, Inc. v. Gorka, 36 So.3d 646, 649 (Fla.2010) (per curiam) (citing TGI Friday’s, 663 So.2d at 611). Section 768.79 was enacted to deter parties from rejecting presumably reasonable settlement offers by imposing sanctions through costs and attorney’s fees. See Gorka, 36 So.3d at 649 (citing Willis Shaw Express, Inc. v. Hilyer Sod, Inc., 849 So.2d 276, 278 (Fla.2003)). The threat of a potentially unfavorable award of costs and fees, in theory, would promote settlement, reduce litigation costs, and conserve judicial resources. See Gorka, 36 So.3d at 649. This statute, however, has not produced the desired outcome as the validity and applicability of section 768.79 and Florida Rule of Civil Procedure 1.442 have produced a significant amount of independent litigation. See id. at 650.
With regard to the cause at hand, the relevant portion of the offer of judgment statute provides:
In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney’s fees incurred by her or him or on the defendant’s behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney’s fees against the award.
§ 768.79(1) Fla. Stat. (2011) (emphasis supplied). According to section 768.79, a court is required to award reasonable costs and fees to a defendant when two conditions are satisfied: (1) the defendant files an offer of judgment that is not accepted by the plaintiff within thirty days, and (2) the final judgment is either one of no liability or is at least twenty five percent less than the defendant’s offer to the plaintiff. See id. The mandatory language used by the Legislature — i.e., “the defendant shall be entitled ... the court shall ” — is reflective of an intentional policy choice to limit judicial discretion in the award of attorney’s fees. Thus, section 768.79 provides courts with a “simple, arithmetic, calculation” to determine an award of costs and fees. TGI Friday’s, 663 So.2d at 611 (quoting Schmidt v. Fortner, 629 So.2d 1036, 1040 (Fla. 4th DCA 1993)).
We have previously considered the constitutionality of section 768.79 and held it to be constitutional despite its combination of substantive and procedural aspects. See Knealing, 675 So.2d at 596 (citing Timmons, 608 So.2d at 2-3); see also TGI Friday’s, 663 So.2d at 611. Specifically, in Timmons, we held section 768.79 to be properly enacted by the Legislature because it is “clear that the circumstances under which a party is entitled to costs and attorney’s fees is substantive.” ' 608 *80 So.2d at 2-3. We have also noted that the Legislature, by enacting section 768.79, modified the traditional American rule, which requires each party to pay its own attorney’s fees, to establish a mandatory award for attorney’s fees once certain statutory conditions are satisfied. See TGI Friday’s, 663 So.2d at 611. To the extent that section 768.79 alters the common law approach to attorney’s fees, the statute creates a substantive right. See id.
The issue at hand, whether section 768.79 is substantive for conflict of law purposes, was not before this Court in Timmons, TGI Friday’s, or Knealing, because those cases exclusively addressed the substantive-procedural determination in the context of constitutionality. Now properly before the Court, we hold that section 768.79 is substantive for both constitutional and conflict of law purposes. In doing so, we reaffirm the holding in the Timmons and TGI Friday’s cases that the Legislature created a substantive right to attorney’s fees in section 768.79. See TGI Friday’s, 663 So.2d at 611; Timmons, 608 So.2d at 2-3. Our holding is further supported by the plain language of the statute which expressly limits judicial discretion to the procedural calculation of an award of attorney’s fees when the requisite conditions are satisfied. As this Court stated in TGI Friday’s:
Under this statute, the [Legislature did not give judges the discretion to determine whether it is reasonable to entitle qualifying plaintiffs to fees. Rather, it determined for itself that it is reasonable to entitle every offeror who makes a good faith offer (later rejected) 25 percent more or less than the judgment finally entered to an award of fees. Under subsection (7)(b), the court’s discretion is directed by the statutory text solely to determining the reasonability of the amount of fees awarded....
663 So.2d at 613 (emphasis supplied) (quoting Schmidt, 629 So.2d at 1042). Section 768.79 is unlike procedural rules that provide courts significant discretion to facilitate the administration of justice. This fact, along with the holdings of the Tim-mons and TGI Friday’s cases, leads us to conclude that section 768.79 is substantive in nature both for constitutional and conflict of law purposes.

Conflict of Law

An agreement between parties to be bound by the substantive laws of another jurisdiction is presumptively valid, and this Court will enforce a choice-of-law provision unless applying the chosen forum’s law would contravene a strong public policy of this State. See Mazzoni Farms, Inc. v. E.I. DuPont De Nemours Co., 761 So.2d 306, 311 (Fla.2000). The countervailing public policy must be of sufficient importance and rise above the level of routine policy considerations to warrant invalidation of a party’s choice to be bound by the substantive law of another state. See id. at 312.
In Mazzoni Farms, we held that a party’s ability to contract against liability for past intentional torts did not raise sufficient public policy concerns to warrant rendering the choice-of-law provision unenforceable. See 761 So.2d at 312-13. Specifically, in finding the choice-of-law provision valid, we recognized the importance of Florida’s public policy against fraudulent contracts, but affirmed that there are only limited circumstances under which a choice-of-law provision will be invalidated for public policy reasons. See id. at 313 (stating that “we are mindful of the rigorous standard employed” in a conflict of law analysis); see also Burroughs Corp. v. Suntogs of Miami, Inc., 472 So.2d 1166, 1169 (Fla.1985) (holding that a statute prohibiting contracts that provide for less *81 than the statutory allotted time period to bring a contractual claim was not a sufficient public policy concern to render the choice-of-law provision unenforceable); Morgan Walton Props., Inc. v. Int’l City Bank & Trust Co., 404 So.2d 1059, 1062 (Fla.1981) (“The ‘public policy’ against usury ... was not so strong as to overcome the policy in favor of giving effect to the expressed intentions of contracting parties, even though as a factual matter the designation may indeed have been motivated by a desire to ‘evade’ Florida’s usury law.”) (discussing Cont’l Mortg. Investors v. Sailboat Key, Inc., 895 So.2d 507, 512-13 (Fla.1981)).
Similar to the issue at hand, the Fifth District Court of Appeal held in Walls v. Quick & Reilly, Inc., 824 So.2d 1016 (Fla. 5th DCA 2002), that a sufficiently strong public policy interest in section 57.105, Florida Statutes (1999), which governs reciprocal fee awards, did not outweigh the policy of protecting freedom of contract. See id. at 1019-20. The district court noted that, comparatively, the public policy supporting the invalidation of a choice-of-law provision for section 57.105(5) purposes was not as strong as the public policy concerns in the usury or statute of limitations context. See id. at 1020. Thus, the court concluded that, if a sufficient public policy reason did not exist to invalidate the choice-of-law provision in those cases, then no such policy existed in the context of a section 57.105 award of attorney’s fees. Similarly, the Fourth District Court of Appeal in Precision Tune Auto Care, Inc. v. Radcliffe, 815 So.2d 708 (Fla. 4th DCA 2002), also refused to disregard the parties’ contractual decision to apply the substantive law of Virginia with respect to attorney’s fees under section 57.105(2). See id. at 710 (“[W]e detect no Florida policy which would override the parties’ ability to freely contract on the issue of attorney’s fees.”). The court further held that parties that enter into commercial contracts reasonably expect choice-of-law provisions to be valid and enforceable, and to disregard a choice-of-law provision in a commercial transaction would destabilize an area of law relied upon for its predictable and uniform application. See id. at 711 (“To disregard the choice of law provision here would do violence to the concept of commercial comity.”).[6]
Under a conflict of law analysis, an award of attorney’s fees under section 768.79 is not substantially different than an award of fees under section 57.105. Neither statute advances a sufficient public policy concern to override the strong policy of protecting freedom of contract. Accordingly, we answer the third certified question in the negative, and hold that because an award of attorney’s fees under Florida’s offer of judgment statute is a substantive right, section 768.79 will not apply in instances where the parties have agreed to be governed by the substantive law of another jurisdiction.
In holding that section 768.79 is inapplicable in instances where parties have agreed to be bound by the substantive laws of another forum, we recognize that the majority holdings by the Fourth District in BDO Seidman, LLP v. British Car Auctions, Inc., 802 So.2d 366, 368 (Fla. 4th DCA 2001), and the Fifth District in Bennett v. Morales, 845 So.2d 1002 (Fla. *82 5th DCA 2003), have taken the position that introductory clause of section 768.79, which provides, “[i]n any civil action for damages filed in the courts of this state,” mandates the application of the statute irrespective of the parties’ choice of applicable substantive law. The Fifth District’s opinion in Bennett merely agrees with the reasoning of the majority conclusion in BDO Seidman that “section 768.79 applies to all civil actions for damages brought in Florida, even where the substantive law of another jurisdiction is applied.” 845 So.2d at 1004. If the statute actually stated this, its plain reading would supersede the choice of law by the parties. But it does not. Thus, the reasoning of the Fourth District in BDO Seidman, as agreed with by the Fifth District in Bennett, is erroneous and we disapprove those cases to the extent they conflict with our opinion today.
In applying our holding to the facts at hand, we conclude that Southeast is not entitled .to costs and fees under section 768.79 because the statute is substantive, and therefore inapplicable because Southeast and Auto-Owners have contractually agreed to be bound by the substantive laws of Michigan. We presume that the choice-of-law clause is valid, and find no sufficient public policy concern to override the parties’ right to choose the law of the particular forum that governs the substantive portions of their contract.

Conclusion

Florida’s offer of judgment statute, set forth in section 768.79, creates a substantive right to costs and attorney’s fees upon the satisfaction of certain conditions. Accordingly, under a conflict of law analysis, when parties have agreed to be bound by the substantive law of another jurisdiction, section 768.79 simply does not apply. As a result, we answer the. third certified question in the negative. By our doing so, the first two questions are rendered moot, and we remand the case to the Eleventh Circuit.
It is so ordered.
CANADY, C.J., and PARIENTE, QUINCE, POLSTON, and LABARGA, JJ., concur.
PERRY, J., dissents with an opinion.

. Simpson is not a party to this appeal.

. Specifically, the Eleventh Circuit concluded that, despite the presentation of solely circumstantial evidence with regard to Auto-Owners' bad faith, the jury reasonably could have "aggregated inferences from this circumstantial evidence to find by a preponderance of the evidence Auto-Owners did not settle with Rivermar in good faith.” Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc., 571 F.3d 1143, 1152 (11th Cir.2009).

. The parties have stipulated that no comparable statute exists under Michigan law.

. For example, statutes that detail only procedural requirements are an unconstitutional intrusion into the rule-making authority of this Court guaranteed under article V, section 2(a), of the Florida Constitution. See Knealing v. Puleo, 675 So.2d 593, 596 (Fla.1996). Similarly, rules adopted by this Court that solely create substantive rights are also unconstitutional. See Timmons v. Combs, 608 So.2d 1, 2-3 (Fla.1992) (holding that the Flor *79 ida Rules of Civil Procedure can only control procedural matters).

. Federal Rule of Civil Procedure 68 governs offers of judgment in federal cases.

. We agree with the Fourth District’s holding in Precision Tune Auto Care that Weatherby Associates, Inc. v. Ballack, 783 So.2d 1138 (Fla. 4th DCA 2001), a case that Southeast relies on to argue section 768.79 is procedural for conflict of law purposes, is inapplicable to cases where the contractual choice-of-law provisions govern the dispute. See Precision Tune Auto Care, 815 So.2dat711.