[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15846

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 5, 2012
JOHN LEY
CLERK

D. C. Docket No. 05-00334-CV-ORL-31-GJK

AUTO-OWNERS INSURANCE COMPANY,

Plaintiff-Appellee,

versus

SOUTHEAST FLOATING DOCKS, INC.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 5, 2012)

Before WILSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

The instant appeal involves a fee dispute arising from Auto-Owners' suit against Southeast based on a written indemnity contract. Southeast prevailed, and filed a motion for attorney's fees and costs pursuant to Fla.Stat. §768.79. The district court denied the motion, and Southeast appealed to this court. We certified questions to the Supreme Court of Florida,[1] including the following question:

> DOES FLORIDA STATUTE §768.79 APPLY TO CASES THAT ARE GOVERNED BY THE SUBSTANTIVE LAW OF ANOTHER JURISDICTION; AND, IF SO, IS THIS STATUTE APPLICABLE EVEN TO CONTROVERSIES IN WHICH THE PARTIES HAVE CONTRACTUALLY AGREED TO BE BOUND BY THE SUBSTANTIVE LAWS OF ANOTHER JURISDICTION?

In the indemnity contract, the parties agreed that the substantive law of Michigan would apply.[2] The Supreme Court of Florida answered the certified question in the negative, holding that §768.79 is substantive in nature for conflict of laws purposes, that no sufficient public policy concerns override the parties' right to choose the law of a particular forum that governs the substantive portions

---

[1] Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc., 632 F.3d 1195 (11th Cir. 2011).

[2] The parties stipulated that no comparable statute exists under Michigan law.

2

of their contract, and thus that §768.79 simply does not apply.[3]  The Florida

Supreme Court also disapproved of <u>BDO Seidman, LLP v. British Car Auctions,</u>

<u>Inc.</u>, 802 So.2d 366, 368 (Fla. 4th DCA 2001).

Although the judgment of the district court denying attorney's fees and costs

was based upon a different ground, we affirm on the ground articulated by the

Supreme Court of Florida.

AFFIRMED.

---

[3]  <u>Southeast Floating Docks, Inc. v. Auto-Owners Ins. Co.</u>, ___ So.3d ___, 2012 WL 301029 (Fla. 2012).