THOMAS, J.
In this case, the employee (Claimant) filed a petition for benefits claiming entitlement to permanent total disability benefits. It is undisputed that Claimant was previously injured in her employment. Her petition for permanent total disability was based on the opinion of her authorized treating physician, who opined that she could not return to work.
Based on a conflict in medical opinions, an expert medical ad-visor was appointed. Because this expert witness opined that Claimant was not permanently and totally disabled, Claimant, somewhat belatedly, filed a notice of voluntary dismissal, and the final hearing was cancelled. As the prevailing party, the Employer/Carrier (E/C) filed its verified motion seeking recovery of $16,044.10 in litigation costs under section 440.34(3), Florida Statutes. Palm Beach County Sch. Dist. v. Ferrer, 990 So.2d 13, 14-15 (Fla. 1st DCA 2008). Claimant filed her motion in opposition, arguing, in relevant part, that given her good faith basis for filing the petition, it would be unfair to tax costs, and the result would deprive her of her right to access to the courts under Article I, section 21 of the Florida Constitution. In addition, Claimant alleged that she remained out of work and had no means to pay any taxable costs.
*984 At the hearing on the E/C’s motion, Claimant reiterated the constitutional argument, and additionally argued that she had filed her petition in good faith, and then dismissed it upon receiving the expert medical advisor’s opinion. She further asserted that to burden her with over $16,000 in costs would, in effect, impose an unconstitutional restriction on her right of access to the courts. Claimant argued that under these circumstances, costs should not be awarded. The E/C argued that its right to prevailing party costs was established by statute, and that good faith is not a consideration when it comes to taxation of prevailing party costs. Ultimately, Claimant was ordered to pay $11,834.35 in costs to her employer.
We are constrained to affirm the imposition of costs under section 440.34(3), Florida Statutes. In our view, the result here, while correct under prevailing law, raises important questions of public policy. We recognize that a statute providing for the imposition of costs is not designed to penalize, but to make the prevailing party whole. However, where the statute provides that an injured employee who seeks workers’ compensation benefits in good faith, but does not prevail and must then pay the employer’s costs, it is not unreasonable to argue, as Claimant does, that the statute imposes a chilling effect on future employees with meritorious claims. This is especially significant where a prevailing party’s opportunity to recoup its attorney’s fees is limited by statute. Such employees may thereby forego seeking benefits based on meritorious claims in order to avoid subjecting themselves to an award of costs.
It is not the role of the judiciary, however, to decide whether the imposition of certain costs is appropriate, as such decisions are within the authority of the Legislature. See generally, Southeast Floating Docks, Inc. v. Auto-Owners Ins. Co., 82 So.3d 73, 79 (Fla.2012) (holding that offer of judgment statute combines substantive and procedural components but was “properly enacted by the Legislature because it is ‘clear that the circumstances under which a party is entitled to costs and attorney’s fees is substantive.’ ” (citing Timmons v. Combs, 608 So.2d 1, 2-3 (Fla.1992)); Florida House of Representatives v. Crist, 999 So.2d 601, 611 (Fla.2008) (noting that “ ‘the legislature’s exclusive power encompasses questions of fundamental policy and the articulation of reasonably definite standards to be used in implementing those policies.’ ” (citing B.H. v. State, 645 So.2d 987, 993 (Fla.1994)).
Thus, we respectfully recommend that the Legislature consider whether an employee who files a petition for benefits in good faith should be subject to the imposition of costs. This question raises complex and difficult policy questions, which is why under Article II, section 3 of the Florida Constitution, it is appropriate that the issue be addressed in the Legislature, if that body deems it proper for consideration.
AFFIRMED.
BENTON, C.J., and ROWE, J., concur.