# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D19-0533

_____

RAYDEL COTO,

 Appellant,

 v.

UNIVISION/SENTRY CASUALTY
COMPANY,

 Appellees.

_____

On appeal from an order of the Judge of Compensation Claims.
Walter J. Havers, Judge.

Date of Accident: May 23, 2016.

September 25, 2019

PER CURIAM.

 AFFIRMED.

RAY, C.J., and KELSEY, J., concur; MAKAR, J., concurs with opinion.

_____

***Not final until disposition of any timely and
authorized motion under Fla. R. App. P. 9.330 or
9.331.***

_____

MAKAR, J., concurring with recommendation.

Raydel Coto, a tractor-trailer driver, fractured his right ankle, had corrective surgery, and later sought platelet-rich plasma (PRP) injections or, alternatively, additional surgery, when his injury continued to cause him physical difficulties. He ultimately received authorization for the PRP injections, and immediately dismissed his petition for benefits seeking the additional surgery; he later also received the requested surgery.

Coto, who appears to have acted in good faith throughout the process, was nonetheless assessed $1,074.34 in costs under section 440.34(3), Florida Statutes, which says: "If any party should prevail in any proceedings before a judge of compensation claims or court, there shall be taxed against the nonprevailing party the reasonable costs of such proceedings, not to include attorney's fees." The basis for the assessment of costs is a technical one. Because Coto dismissed his petition for surgical benefits (when he got the PRP injections and thought he might not need surgery), no petition was pending later when surgery was authorized; because he sought surgery, but dismissed his petition before he actually received the requested surgery, the employer/carrier was entitled to statutory costs (though not compelled to seek them).

Under these types of circumstances, this Court has held that an award of costs under section 440.34(3) is mandatory, even if manifestly unfair to the claimant. *Frederick v. Monroe Cty. Sch. Bd.*, 99 So. 3d 983, 984 (Fla. 1st DCA 2012) (noting that "statute imposes a chilling effect on future employees with meritorious claims" who might "forego seeking benefits based on meritorious claims in order to avoid subjecting themselves to an award of costs."). Imposition of costs makes little sense and operates as a deterrent to those seeking benefits in good faith in situations such as those confronting Coto and Frederick. For this reason, it bears reiterating the recommendation of the panel in *Frederick* "that the Legislature consider whether an employee who files a petition for benefits in good faith should be subject to the imposition of costs." *Id.*

2

_____

Richard A. Sicking and Mark A. Touby of Touby, Chait & Sicking, P.L., Coral Gables, for Appellant.

Alexander Blanco, Coral Gables; and Marjorie Gadarian Graham of Marjorie Gadarian Graham, P.A., Palm Beach Gardens, for Appellees.