DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ESTATE OF MARVIN DIAMOND,** by and through its Executor,
**MAYER GREGG DIAMOND,**
Appellant,

v.

**U.S. BANK, NATIONAL ASSOCIATION**, as Securities Intermediary,
and **VIVA CAPITAL 3 L.P.,**
Appellees.

No. 4D2024-1896

[August 6, 2025]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Carolyn Bell, Judge; L.T. Case No. 50-2021-CA-004791-XXXX-MB.

Gregory J. Star of Cozen O'Connor, Philadelphia, PA, and Ashley Gomez-Rodon of Cozen O'Connor, Miami, for appellant.

Jonathan B. Morton of K&L Gates LLP, Miami, and Khai LeQuang of Orrick, Herrington & Sutcliffe LLP, Irvine, CA, for appellees.

DEPRIMO, NATASHA, Associate Judge.

The Estate of Marvin Diamond ("the Estate") appeals the trial court's order denying the Estate's motion for entitlement to attorney's fees and costs. The Estate sought fees pursuant to section 768.79, Florida Statutes (2021), and Florida Rule of Civil Procedure 1.525. The trial court denied the Estate's motion, concluding section 768.79 did not apply where another state's substantive law applied to the underlying claims in the case. "The eligibility to receive attorney's fees and costs pursuant to section 768.79 and rule 1.442 is reviewed de novo." *Pratt v. Weiss*, 161 So. 3d 1268, 1271 (Fla. 2015) (citation omitted). We affirm the trial court's decision and write only to clarify section 768.79's application in cases where the substantive law choice is determined under *lex loci contractus* rather than an agreed contractual choice-of-law provision.

The underlying dispute concerned a stranger-originated life insurance policy and whether Delaware law or Florida law governed. Applying the

*lex loci contractus* doctrine, the trial court ultimately determined Delaware's substantive laws applied, and that under those laws, the Estate was entitled to the insurance policy's death benefits.

Following the trial court's entry of final judgment, the Estate moved for attorney's fees and costs under section 768.79, Florida Statutes (2021). Citing primarily to the holdings in *Southeast Floating Docks, Inc. v. Auto-Owners Insurance Co.*, 82 So. 3d 73 (Fla. 2012), and *Higgins v. West Bend Mutual Insurance Co.*, 85 So. 3d 1156 (Fla. 5th DCA 2012), the trial court denied the motion on the basis that section 768.79 did not apply where another state's substantive law applied to the underlying claims.

On appeal, the Estate argues the trial court erred in extending *Southeast*'s application beyond its holding. More specifically, the Estate argues that *Southeast* only addressed cases where the parties have contractually agreed to the substantive choice of law, not in all substantive choice-of-law decisions. We disagree with the Estate's argument.

In *Southeast*, the Florida Supreme Court addressed the certified question of whether section 768.79 applies "to cases that are governed by the substantive law of another jurisdiction; and, if so, is this statute applicable even to controversies in which the parties have contractually agreed to be bound by the substantive laws of another jurisdiction." 82 So. 3d at 75. In answering that question in the negative, the court held "section 768.79 is substantive for both constitutional and conflict of law purposes."[1] *Id.* at 80. The court further held:

> In applying our holding to the facts at hand, we conclude that Southeast is not entitled to costs and fees under section 768.79 because the statute is substantive, and therefore inapplicable because Southeast and Auto-Owners have contractually agreed to be bound by the substantive laws of Michigan. We presume that the choice-of-law clause is valid, and find no sufficient public policy concern to override the parties' right to choose the law of the particular forum that governs the substantive portions of their contract.

*Id.* at 82.

---

[1] The Florida Supreme Court affirmed the analysis of section 768.79 as substantive for conflict of law purposes in *Diamond Aircraft Industries, Inc. v. Horowitch*, 107 So. 3d 362, 371–72 (Fla. 2013) (holding that section 768.79 is substantive for both constitutional and conflict of law purposes).

Although *Southeast* did not expressly address whether section 768.79 applies to cases where the choice of substantive law is determined under *lex loci contractus* rather than an agreed contractual choice-of-law provision, at least one Florida court has interpreted *Southeast* to apply under such circumstances. *See Higgins*, 85 So. 3d at 1160 (citing *Southeast* and denying attorney's fees under section 768.79 in a case where the choice of substantive law was determine under *lex loci contractus*).

Moreover, as Southern District of Florida Judge Dimitrouleas recognized in *Canon Latin America, Inc. v. Lantech (C.R.) S.A.*, 2012 WL 12844706 (S.D. Fla. July 30, 2012), *Southeast* does not limit its holding to conflicts of law involving a contractual choice-of-law provision:

> While the Florida Supreme Court [in *Southeast*] was not crystal clear in the way that it answered the third certified question, the Court views the rest of the opinion to support the decision that section 768.79 does not apply where a choice of law analysis results in the application of the substantive law of another jurisdiction. It may very well be that the Florida Supreme Court was leaving open the door where a party litigating a case in Florida could be governed by the substantive law of another jurisdiction but still have the benefit of Fla. Stat. § 768.79 if it had not contracted it away in a contractual choice of law provision. However, it seems that in rejecting as erroneous *BDO Seidman, LLP v. British Car Auctions, Inc.*, 802 So. 2d 366 (Fla. 4th DCA 2001), which held that section 768.79 applied regardless of what state's substantive law governed, and in answering the third question as certified to it by the Eleventh Circuit "in the negative," the Florida Supreme Court intended that its holding apply where the substantive law of another jurisdiction governs, **regardless of whether the parties had a contractual choice of law provision**. The Court considers the rest of the *Southeast* opinion to bolster the decision of the answer to the first part of the third certified question, as well as to specifically answer the second part of the third certified question, i.e., that section 768.79 does not apply where the parties have been contractually bound by the substantive law of another jurisdiction. The Court does not view the Florida Supreme Court's answer in the negative as to the first (and primary) part of the third certified question to be dicta. The Court also notes that the only published Florida District Court of Appeal decision applying the Florida Supreme Court's

> *Southeast* holding, *Higgins v. West Bend Mut. Ins. Co.*, 85 So. 3d 1156 (Fla. 5th DCA March 30, 2012), supports our view that where, as here, the court's conflict of law analysis—even in the absence of a contractual choice of law provision—led to the application of foreign law, section 768.79 is inapplicable.

*Id.* at \*5 (S.D. Fla. July 30, 2012), (emphasis added) (footnote omitted). *See also Durham Com. Cap. Corp. v. Ocwen Loan Servicing, LLC*, No. 15-80200-CIV-MARRA/MATTHEWMAN, 2018 WL 3089334, at \*1 (S.D. Fla. Mar. 8, 2018) (applying *Southeast* in a case that did not involve a contractual choice-of-law provision and holding that because the underlying claim was governed by New York law, not Florida law, plaintiff was not entitled to attorney's fees under section 768.79).

We agree with *Southeast*, *Higgins* and *Canon Latin America, Inc.*, and hold that attorney's fees are not available under section 768.79 in cases where the choice of substantive law is determined under the *lex loci contractus* doctrine.

*Affirmed.*

CIKLIN and LEVINE, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***